UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAMERON LAWSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-cv-01213-MTS |
| STATE OF TEXAS | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Cameron Lawson to proceed in the district court without prepaying fees or costs. Based on the financial information provided in the application, the Court will grant the application and waive the filing fee. Furthermore, based on a review of the complaint, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even

pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this action on a court-provided civil complaint form. He names as his sole defendant the State of Texas.

Plaintiff states that in April 2020, he was "framed, manipulated, coerced, physically and emotionally harmed, kidnapped, falsely imprisoned and was subject to inhumane and harsh conditions." He states that this happened in Missouri. Attached to plaintiff's complaint is an "affidavit of truth, claim for unlimited civil action, notice of rights, affirmation by notary public." In this document, plaintiff states that the State of Texas "without any judicial mandate or adequate due process, has unjustly subjected the [him] to wearing an ankle monitor, thereby severely infringing upon his constitutional rights." As to the specific constitutional rights plaintiff alleges the State of Texas is violating, he cites the Fourth, Fifth, and Fourteenth Amendments. He also brings state law claims under the Texas Deceptive Trade Practices—Consumer Protection Act.

As for his injuries, plaintiff states he suffered physical damages, emotional damages, loss of assets, loss of wages, loss of comfort and companionship and consortium, loss of finances, pain and suffering, post-traumatic stress disorder, and defamation. For relief, plaintiff seeks $500 billion and an injunction for the "removal and non-compensation of ankle monitor." He also seeks the immediate dismissal and expungement of all charges against him in the State of Texas.

## Discussion

Plaintiff's claim against the State of Texas must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Plaintiff's claim against the State of Texas is a claim against a state. As noted above, however, a state is not a "person" for purposes of § 1983. Furthermore, suit against the State of Texas is barred by the Eleventh Amendment. Therefore, plaintiff's complaint against the State of Texas must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED** and the filing fee is waived. Doc. [2].

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of September, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE